# CIRCUIT COURT OF THE CITY OF RICHMOND

Hilltop Apartments

v.

Barbara Allen

v.

Richmond Redevelopment
and Housing Authority

June 20, 2000

Case No. LF-2847-3

BY JUDGE T. J. MARKOW

The parties appeared in person and by counsel on the appeal of the summons for unlawful detainer and cross-claim from the General District Court of the City of Richmond and evidence was presented and argument was heard.

The parties agreed that the sole issue is whether the defendant Allen materially breached her obligations to the third-party defendant, Richmond Redevelopment and Housing Authority (RRHA), by failing to appear for a conference to determine whether she was still eligible for Section 8 rental assistance. If she breached her obligations, the plaintiff, Hilltop Apartments, is entitled to possession; if not, she retains possession and the third-party defendant, RRHA, owes rent to the plaintiff, Hilltop Apartments.

Ms. Allen was certified by RRHA as eligible for Section 8 rental assistance for her occupancy of 3506-11 E. Richmond Road for several years. Each year, RRHA notified Ms. Allen of a meeting at which she was to give information to obtain certification of her eligibility for the program for the following year. She missed scheduled meetings in 1997 and 1998.

On March 1, 1999, the RRHA sent Ms. Allen a notice letter of her need to attend the 1999 certification conference to be held on March 15, 1999. After she failed to appear, RRHA sent a letter notifying Ms. Allen that she was terminated from the program effective May 1, 1999. This letter advised Ms. Allen of her right to request an appeal hearing of that decision within 15 days after March 15, 1999. On April 13, Ms. Allen advised RRHA that:

> The only mail I receive [sic] from your office was from March 15 and I haven't receive [sic] no other mail since then.

RRHA treated that letter as an appeal but advised that it was too late and denied the appeal.

Ms. Allen's explanation for non-compliance is that, in the spring of 1999, her mother was ill and she was required to spend time with her in Goochland County. Consequently, she claims not to have received the March 1, 1999, notice. While she was out, however, her teen-aged children lived in the apartment. Ms. Allen claims that, after she received the March 15 letter, she went to the RRHA office to discuss her case and that the receptionist told her to write. She does not say when she did this. RRHA has procedures for dealing with "walk-ins." There is nothing to confirm her visit.

Under 24 CFR § 982.552(a)(b)(1), the RRHA may terminate assistance if the family fails to comply with its obligations under 24 CFR § 982.551(a)(2). The latter section requires that the family "supply any information requested . . . for use in a regularly scheduled reexamination . . . of family income and composition. . . ."

The evidence revealed that the RRHA was required to submit information from tenants to the U.S. Department of Housing and Urban Development in order to receive the federal share of the assistance payments. If this information was not submitted, the RRHA received no federal contribution. The receipt of that contribution is essential for the operation of the Section 8 program. The source of that information is from the tenant.

The tenant's failure to promptly respond to notices to provide the information required for recertification for participation is not insignificant or inconsequential. The entire program depends upon it. Compliance by the tenant is simple and convenient.

Ms. Allen failed to comply with her responsibilities without good cause. She may have been assisting her mother but her children were at the apartment, and there is no evidence that they were unable to receive the mail. Ms. Allen admits to having received the March 15 letter and still failed to

respond for almost four weeks. There is no good reason or excuse for her failure. Ms. Allen's obligations were materially breached.

It is, therefore, ordered that the plaintiff, Hilltop Apartments, have judgment against the defendant, Barbara Allen, for possession for 3506-11 E. Richmond Road, Richmond, Virginia, plus unpaid rent of $1,566.00 with interest from November 3, 1999, at 9% *per annum*, plus a late fee of $60.00 and its costs.

It is further ordered that the third-party defendant, Richmond Redevelopment and Housing Authority, have judgment against the third-party plaintiff, Barbara Allen, who shall take nothing. The objections of Barbara Allen are noted.